McINTIRE *v*. RANDOLPH.

When a defendant files a confession of the plaintiff's right to recover a certain amount of damages, and pleads to the residue of his claim (under Gen. St. ch. 208, sec. 2), the plea to the residue is not, in any manner, or to any extent, affected by the confession.

CASE, for damages happening by reason of a defective highway. *Ad damnum*, $2,000. The defendant filed a confession for $75, and pleaded the general issue to the residue of the plaintiff's claim. Verdict for the plaintiff for more than the amount confessed. Motion of the defendant for a new trial. At the trial the plaintiff waived all claims for exemplary damages, and sought to recover only actual damages. The defendant offered to show that the plaintiff was not in the exercise of ordinary care, and that his fault contributed to the accident, and that the plaintiff had, in reality, no cause of action, as tending to show that he ought not to recover more than the amount of the confession. This evidence was excluded, and the defendant excepted. Case reserved.

*Ray & Ladd*, for the defendant.

I. Upon legal principle the evidence excluded ought to have been admitted.

1. A confession is in the nature of a plea. The legal effect of it is to admit all that is necessary in order to make the plaintiff's judgment for the amount confessed a good judgment, provided he chooses to accept it. Further than this it cannot be held to go without doing violence to the fundamental principle that "The plaintiff cannot use one plea as evidence of the fact which the defendant disputes in another plea." 1 Ch. Pl. 563 and notes; *Bump* v. *Smith*, 11 N. H. 48. "A defendant may plead tender as to a part, and general issue as to the residue, and he may plead with the general issue a release, discharge in bankruptcy, accord and satisfaction, and a variety of other pleas, which confess and avoid the plaintiff's action,—1 Ch. Pl. 562 and notes; and yet, although these pleas are formal admissions of the facts alleged, 1 Ch. Pl. 525, 526, they are not evidence on the trial of the general issue denying the facts alleged." Brief of defendant's counsel in *Hackett* v. *The Railroad*, 35 N. H. 394.

2. The law has not been held otherwise in this State. In *Kelly* v. *Dover*, 18 N. H. 565, this question did not arise. And the remark of the learned judge who delivered the opinion of the court, that " This is a mere admission of the traversable allegations of the plaintiff's count, and that damage to the extent confessed has resulted," was made in view of the facts of the case. So far as regards the right to have a good judgment for the amount confessed, the remark is strictly correct; but if it be extended into a rule to govern in the trial of the general issue, which defendant has a right to plead in addition to his confession, wherein *all* the allegations of the count are denied, we contend it is wholly wrong. And the opinion in that case shows that its application and effect as thus extended were not considered at all. *Hackett* v. *The Railroad*, 35 N. H. 390, as we understand the case, is not an authority against us. The court say distinctly, "A confession is an admission of a cause of action, as alleged in the declaration, to the extent of its terms, *and no further.*" The *terms* of the confession are—" So far as your right to recover $75 is concerned, I admit your cause of action, and no further." If it be held to be an admission of the cause of action *beyond that sum*, its terms *are extended* to the manifest hurt of the defendant. The question did not rise in *Corey* v. *Bath*, 35 N. H. 531. And what is there said as to the effect of a confession was said in view of questions that could be raised by a motion in arrest of judgment, and is correct. In any view we are unable to see anything in the *dicta* of the learned Chief Justice in that case at variance with the doctrine for which we are contending. The defendant has a *right* to plead the *general issue* as to all above the confession. And that right is not qualified or limited.

What is the general issue? It is a broad, general denial of *all* the allegations of the declaration. What kind of a general issue is the defendant permitted to plead if evidence of the kind offered in the case is to be excluded?

His general issue becomes this: " I am guilty, but I offered you enough to settle." That is no general issue at all. If such a doctrine is held, it practically settles, contrary to the statute (Gen. Stat., p. 425,

sec. 2), that a defendant cannot plead the general issue after a confession; for of what avail is it to put in a formal plea of "*not guilty*" if he cannot be allowed to prove it, and the jury are to be told that his admission in a former plea is *conclusive evidence* that he is *guilty?*

II. We submit that a fair regard for the rights of the parties demands the rule for which we contend.

A confession is like an offer of compromise. It is at defendant's option whether he will accept it, or join the general issue tendered and go for more.

Upon what principle can it be held that in the trial of this issue thus joined the plaintiff should have the immense advantage of a conclusive admission of the primary liability of defendant, made in a former plea for such a purpose? It cannot be fair.

III. This evidence was offered upon the question of damages. How can it be held that upon the question whether the plaintiff is entitled to recover more than $75, we may not show that he is not entitled to recover anything?

*Burns & Heywood*, for the plaintiff.

The defendant's confession admits all the traversable allegations of the declaration. The allegation that plaintiff was in the exercise of due care, and that the injury resulted from the defect in the highway, is a material or traversable allegation of the declaration. And the only question in this case is the amount of damages plaintiff shall recover for the injury alleged to have been sustained. *Kelley* v. *Dover*, 18 N. H. 566; *Hackett* v. *Railroad*, 35 N. H. 390; *Corey* v. *Bath*, 35 N. H. 548.

*Ray & Ladd*, for the defendant.

I. The statute is express, that the defendant *may plead* as to the residue of the plaintiff's claim, after confessing part of it. Gen. Stat., p. 425, sec. 2.; Comp. Stat., p. 482, sec. 2. This statute, being general in its terms, of course gives the right to plead the general issue. The right to plead the general issue in such cases, being conferred by statute, can not be taken away by the court. But, we say, the right to plead necessarily implies the right *to prove the plea;* and if that be so, the right to introduce the evidence offered and excluded in this case rests upon the statute, and cannot be denied by the court.

II. But it is claimed that the court has already settled this question against the defendant, and three cases are cited in which it is said such a doctrine has been held,—namely, *Kelley* v. *Dover*, 18 N. H. 566; *Hackett* v. *B. C. & M. Railroad*, 35 N. H. 390; and *Corey* v. *Bath*, 35 N. H. 530. It would, perhaps, be enough to say of those cases that the question raised here did not rise in either of them, and therefore that the point has not been authoritatively settled. We think, however, that upon examination it may well be doubted if either of the judges who delivered the opinion of the court in the cases in ques-

tion carefully considered the legal effect of a confession in the view presented by the exception in this case. At all events, we insist that no rule has been suggested, in either of the opinions, founded upon any sound general principle, which can fairly be extended in its application so as to control the decision of this case.

In *Kelley* v. *Dover*, it was claimed by the plaintiff that the confession was an admission of the matters of aggravation set up in the declaration, and that those allegations being thus admitted, the jury might, on the strength of the admission, find a verdict for greater damages than the sum confessed ; in other words, that the confession was evidence upon the trial of the issue joined on the plea of " not guilty."

The court held otherwise, and that is all there is to the case. It is true, GILCHRIST, J., in delivering the opinion, says, " This is a mere admission of the traversable allegations of the plaintiff's count, and that damage to the extent of the confession has resulted." But this remark must be considered in connection with the facts of that particular case. If it be regarded as the statement of a general legal proposition, it seems to be clearly and distinctly overruled in the subsequent case of *Hackett* v. *The Railroad*, as well as by the remarks of Judge PERLEY in *Corey* v. *Bath*. Qualified and limited in its application to that case, however, it was well enough. The judge was aiming to refute a claim based upon precisely the same ground as that set up by the plaintiff here, namely, *that the confession could be used as evidence beyond the sum confessed.* So far as the ten dollars was concerned, it was a conclusive admission of the traversable allegations of the declaration. Whether it was an admission of such allegations beyond that sum did not rise in the case, and it is sufficiently evident from the whole opinion that that question was not considered. The eminent judge says, in effect, the confession does not admit matters of aggravation set up in the count; it only admits the traversable allegations *and* ten dollars damage ; and inasmuch as the confession and the verdict were co-extensive, the remark was correct. So far as regards any question that could rise in that case, or that the case would be likely to suggest, the confession was a conclusive admission of all the traversable allegations of the count. We claim the above case as an authority for us. The legal principle upon which it rests is that a confession cannot be used as evidence against the defendant beyond the sum confessed; and the application of that principle is all we are contending for.

In *Hackett* v. *The Railroad*, " the court below ruled that the confession admits some cause of action alleged, and the amount of twenty dollars damages from such cause;" and the court say, " The ruling seems to us entirely correct and proper." How does this leave the law ? Does it settle that the defendant cannot offer proof of his plea, which the statute has given the right to plead ? The court seem to have avoided the point offered for their consideration by the defendant's counsel in his brief, by holding, contrary to the argument, that the cause of action was divisible. Does the court mean to hold that the confession conclusively admits the negligence charged in the declara-

tion, and that this admission clings to the defendant throughout every phase of the trial ? It is said in the opinion, " The defendants might admit some negligence by which twenty dollars damage resulted." With due deference we say that is not the question ; the question was one of pleading,—not what the defendant *might* admit, or *did in fact* admit on the trial. But what does the confession admit ? What is its legal effect ? Does it admit the material allegations of the count ? Does it admit the negligence charged ? If so, how can the defendant afterward be allowed to say that some of the damage was done by lightning ? It appears to have been the view adopted in the case under consideration that the defendant, notwithstanding his confession, may show that part of the damage resulted from inevitable accident, or the act of God. But the declaration charges that *all* the damage for which the suit is brought resulted from the defendant's negligence, and there was a confession. Where is the rule ? Is it the doctrine of this case that when a judge by a process of reasoning, or by referring to his own knowledge of things, can see that it might be possible for part of the damage to have resulted from the defendant's fault and part not, then the confession *has not* the legal effect to admit conclusively the traversable allegations of the declaration ; but that when no such inference can be drawn, then the confession *has* the legal effect of a conclusive admission of the whole count ? If so, there is no rule. The legal effect of a confession is made to depend, not upon any uniform principle, but upon extrinsic facts, to be proved or gathered by the court from sources wholly outside the record. We submit that any such fast-and-loose style of reasoning, applied to a question of pleading, destroys all the beauty and scientific accuracy which it is so important to preserve in that branch of the law. It seems to us there is no intermediate position where the court can stop with any fair regard to principle. It must be held that the confession conclusively admits the traversable allegations of the count, or that it does not, beyond the amount confessed ; and to say " Sometimes it does and sometimes it does not," involves an inconsistency.

But it is certainly held, in *Hackett* v. *The Railroad*, that the confession *does not* operate as a conclusive admission for anything beyond the twenty dollars confessed ; and although there is a remark about the cause of action being divisible, and some occasion to suppose that the conclusion of the court was, to a certain extent, based upon that consideration, still we argue that the conclusion reached in that case would stand much firmer and on a much more satisfactory basis by adopting the principle for which we contend. The law *settled* in that case was practically all we ask for in this. The defendant was permitted to show that the damage above twenty dollars did not result from his negligence. We sought in this case to show that the damage above seventy-five dollars did not result from the defendant's negligence, but were not permitted to do so ; and it is of this manifest inequality we complain. We do no find fault with the *conclusion* in *Hackett* v. *The Railroad;* but if the *reason* for that conclusion, given

in the opinion, establishes one rule for one case and another rule for another case precisely similar, so far as the practical merits are concerned, we do find fault with the *reason,* and say it is not good logic, and therefore cannot be law.    It is worthy of remark that in the very first sentence of the opinion in *Hackett* v. *The Railroad,* a proposition is laid down amply broad enough to cover all we claim,—namely, " a confession is an admission of a cause of action as alleged in the declaration to the extent of its terms, *and no further.*"

The only question which appears to have been fairly raised in *Corey* v. *Bath,* except those relating to the sufficiency of the declaration after verdict, was, whether or not travelling on Sunday to make a social visit is within the statute prohibiting any play, game, or recreation on that day.    Evidence that the plaintiff was travelling on Sunday at the time of the accident is of precisely the same character as that excluded in the case at bar, and no objection seems to have been made that it was not competent.    But if the question of the effect of a confession was before the court at all, it must have been upon this branch of the case; and if the court had intended to hold that the evidence was not competent on the ground that the confession admitted that the plaintiff was in no fault, it is incomprehensible why they did not say so in so many words, without circumlocution or ambiguity.    Instead of doing this, an elaborate argument is entered into to show that travelling in the way and for the purpose indicated is not within the prohibition of the statute.    Then comes what is said as to the effect of a confession.    " When the defendant confesses a certain amount of damages, he admits conclusively every fact which the plaintiff would be obliged to prove in order to recover that sum."

For what purpose are those facts so admitted by the confession?    We say the confession is conclusive only to the extent of the sum confessed, to enable the plaintiff to take it, or have a good judgment for the amount if he chooses, without being put to the expense of proving his case.    The effect of it is that the defendant cannot at the trial, or if there is no trial, he can not in making up the damages retract his solemn admission and say that the plaintiff shall not have the sum he has confessed his liability to pay.    It is, and ought to be, a conclusive admission to this extent and for this purpose, and no further.    In this view, all that is said in *Corey* v. *Bath* is sensible and consistent.    It does not overrule the statute, nor do violence to any fundamental principle of law.    It does not change the record so as to make the defendant say he *is guilty* where he has said in pleading *he is not guilty ;* but leaves the parties where they should be left in the trial of the general issue, upon equal footing.    We say, therefore, it is fair to suppose the court intended this,—the only just, reasonable, legal, and scientific construction which can be put upon their observation.

But if it should seem that a contrary doctrine is held in that case, then we say the case ought to be so far overruled.

1. Because it contravenes a fundamental principle of the common law, namely, that one plea shall not be used as evidence to support the allegations of another plea.'

2. Because it would be unjust. No good reason can be given why the defendant should go into the trial of the general issue hampered by a fatal, conclusive admission, which in any fair and comprehensive practical view of the matter is nothing more than an offer to settle, which the plaintiff has refused to accept. Every principle of justice and fairness requires that in the trial for the next dollar beyond the confession, the plaintiff should be compelled to prove his right.

3. Because it in effect changes the record and compels the defendant to say he is guilty, where he has solemnly said, as he has a right to say by the statute, that he is not guilty.

4. Because it contravenes and overrules the statute of the State by holding, to all reasonable and sensible intent, that the defendant should *not plead* where the statute says he may; for it is an absurdity to say he may plead but shall not be suffered to prove his plea.

The ruling in this case not only relieves the plaintiff from proving that the defendant is liable, but debars the defendant from showing he is not.

The doctrine contended for involves another inconsistency.

The question of damages, at least, is open to the defendant, and it is his absolute right to present and have considered all the evidence in his possession, which has a legal bearing on that question. Does not the fact that he is not liable to pay anything tend to show that the plaintiff is not entitled to recover more than the sum confessed? The answer seems too clear to be disputed, that it does, and is therefore admissible.

We submit that a strict adherence to general principles is the only means by which the consistency and harmony of the law as a science can be maintained. And whenever, as in this case, there is an attempt to introduce some doctrine founded on a partial view, or imperfect generalization, it not only leads to contradictions, but generally to practical wrong and injustice. In this case, for instance, suppose the defendant, after filing his confession, had discovered evidence showing that he was not liable at all,—the ends of justice clearly demand that he should have the benefit of such evidence. But, upon the doctrine contended for here, he is not *only* debarred from its *full* benefit, but can not be permitted to introduce it to show that he ought not to pay more than he has already offered.

*Burns & Heywood*, for the plaintiff.

We maintain that the position of the defendant would entirely defeat the object of our statute. The very purpose of our statute was, that defendant might confess the *plaintiff's right* of action to a certain amount, and, under the general issue, try the question of damages to the further amount claimed by the plaintiff, and not subject himself to liability to pay the plaintiff's full costs in maintaining the allegations of his declaration. In a case like the one at bar, where the damages are indivisible, the effect of a confession is to admit all the material allegations of the declaration, and plaintiff can only pro-

duce witnesses upon the question of damages to be taxed against defendant if plaintiff recovers more than is confessed. It is upon the same allegations (or state of facts) that plaintiff claims to recover more than is confessed, which defendant by his confession acknowledges; and defendant here claims that plaintiff should prove just the allegation (or state of facts) confessed by him, to wit, that the injury was caused by the defect in the highway and not by any neglect of the plaintiff. If the damages are divisible, then defendant can have a specification, and can make his confession apply to the whole or to part of the specification, and plaintiff must govern himself in the proof of his case in accordance with the confessiont hus filed. *Bacon* v. *Charlton,* 7 Cush. 581; *Hosmer* v. *Warner,* 7 Gray 186.

*Corey* v. *Bath* is a direct authority upon the question of the effect of a confession, as in that case some of the objections made by defendant to the plaintiff's evidence, showing extent and nature of the injury, went to the sufficiency of the declaration, which could be taken advantage of only by demurrer or by motion in arrest of judgment. There was a motion in arrest of judgment. The court decided that the declaration was sufficient, and that the confession was an admission of some cause of action of the nature laid in the declaration, making two good reasons why the motion should be denied and the objections overruled.

The defendant's position rests upon the ground that a confession is a common law plea, and upon the common law rule that one plea can not be used as evidence in the trial of the issue under another plea. The fallacy of this position is in maintaining that a confession under our statute is a plea. The statute is that defendant may file a *confession of the plaintiff's right* to recover a certain amount of debt or damages, *and plead* as to the residue, showing clearly that the confession is not a plea and raises no issue; that the issue is to be raised under the *plea* as to the residue of the claim. And the issue in a case like the one at bar, under a confession of a certain amount of damages and a plea of the general issue as to the residue, is limited to a question of the amount of damages, for the reason that *plaintiff's right to recover* the residue of damages claimed by him depends upon precisely the same facts that his right to recover the amount confessed does.

It makes no difference with this question that defendant's confession is put in form of a plea. The effect is the same as though it had no form whatever. If defendant had come in and filed a paper in substance like this, " I hereby confess the plaintiff's right of action to the amount of $75," and to the residue of the damages claimed by plaintiff pleaded the general issue, would that not be sufficient under our statute, and would not the effect of the general issue be limited to the question of the amount of damages? If so, it clearly appears that a confession under this statute is not a common law plea, and the rule relied upon by defendant has no application. We have always understood the practice, both in this State and Vermont, to be as we claim the rule here.

Doe, J. " In any action, the defendant may file a confession of the

plaintiff's right to recover certain real estate, or a certain amount of debt or damages, and plead to the residue of his claim; and if the plaintiff further prosecutes the action, and fails to recover more than is so confessed, the defendant shall recover his costs from the date of such confession." Gen. Stat., chap. 208, sec. 2.

The plaintiff's cause of action, in this case, seems to be regarded by both parties as single and indivisible; and we will take it to be so, and that the declaration shows it to be so. The defendant filed a confession of the plaintiff's right to recover a certain amount of damages, and pleaded the general issue to the residue of his claim. And the question is, whether, upon such a declaration, confession, and plea, any question is open except the amount of the plaintiff's damages.

It is claimed that, in a suit for damages, when the cause of action is indivisible, and a confession is filed, the plea of the general issue is good for nothing except to enable the defendant to be heard on the assessment of damages. But he would have the right to be heard on the assessment if any other plea were filed instead of the general issue. He has the same right when nothing is pleaded but the statute of limitations, or a license, or right of way. If the only effect of the general issue, in this case, is to give the defendant a hearing on the damages, any other plea would answer the purpose as well as the general issue. And it would come to this, that any plea would be as good, and as bad, as any other. This is not a common state of things when any plea is good for anything.

But the right of a defendant to be heard on the damages is not derived from the form or nature of his plea, or the issue joined thereon. Damages are claimed in the declaration, and their assessment is the natural and legal consequence of the maintenance of the action upon the issues of law or fact; but the trial of an issue of law or fact, and the assessment of damages, are separate and distinct. After judgment for the plaintiff on demurrer, the defendant's right to be heard on the assessment of damages is the same as in the assessment of damages at the trial of an issue of fact. *De Gaillon* v. *L'Aigle*, 1 B. & P. 368. Damages are to be assessed if there is no plea. After a default, when the damages are uncertain, the amount is determined by a jury on motion of either party (*West* v. *Whitney*, 26 N. H. 314), and the defendant is heard as well as the plaintiff. When the issues are properly tried and found for the party claiming damages, but there is error in the assessment of damages, and a new trial on that point (*McKean* v. *Cutler*, 48 N. H. 374, 375), the party against whom damages are to be assessed is entitled to be heard on the assessment, although the issues are disposed of and are not tried again. The statute permits, but does not require, a defendant who confesses a part, to plead to the residue of the plaintiff's claim. He may confess a part without pleading to the residue, and be heard on the assessment of damages. The general issue therefore is of no avail in this case, unless it is a traverse of the facts necessary to the maintenance of the action. If, as against the general issue, the confession is a conclusive admission of the cause of action set out in

the declaration, it follows that the defendant cannot plead the general issue. If it is a matter of law that, on the face of the record, the plea of the general issue is overthrown by the confession, then the plea of the general issue presents no issue of fact, and is a bad plea, and would be so held on demurrer; and the plaintiff should have demurred to it, instead of joining issue and proceeding to trial thereon. *Finley-son* v. *Mackensie*, 3 Bing. N. C. 824. And if the general issue is bad, every other plea hitherto used at common law would be bad. Had the plaintiff demurred to the general issue, and his demurrer been sustained, the right of the defendant to be heard on the assessment of damages would not have been involved in the destruction of the general issue.

The statute is, that the defendant may plead to the residue, in any action. If every plea to the residue, filed with a confession, is bad on demurrer when the cause of action alleged in the declaration is indivisible, the defendant cannot plead to the residue in such an action. That would be a material limitation to put upon the statute by construction. And if such is the proper construction, it would apply to all cases in which the jury find, by the evidence, that an injury complained of is confessed, and they should be instructed accordingly. It would be unreasonable to limit the defence to the assessment of damages in those cases only in which the cause of action appears in the declaration to be indivisible. The divisibility of the cause of action cannot affect the principle by which this question is to be decided. If the defence is limited by the confession to the assessment of damages, on any cause of action, it is because that cause of action is declared upon by the plaintiff and confessed by the defendant. And when the identity of that cause of action does not appear in the declaration and confession, the jury may find it in the evidence. It would be immaterial whether it were found by the court or by the jury. *Corey* v. *Bath*, 35 N. H. 548–550. The result would be, that in a majority of cases the defendant would have no substantial right to plead to the residue.

It has been said that when the defendant confesses a certain amount of damages, he admits conclusively every fact which the plaintiff would be obliged to prove in order to recover that sum; and if the injury complained of by the plaintiff is the one confessed by the defendant, the only question is one of damages, because, if the defendant is liable for a part, he is liable for the whole. So it might be said that a plea of license or right of way, admits the defendant's liability under the general issue. The objection to this reasoning is, that, however logical it may be, it is not allowed in pleading and evidence. If this kind of reasoning is applied to the general issue when accompanied by a confession, it must be applied to the general issue when accompanied by any plea in confession and avoidance; and the result would be a reconstruction of the system of pleading. When a movement was made in that direction, by the court in Massachusetts, the legislature restored the common-law rule. *Alderman* v. *French*, 1 Pick. 1. But the rule seems not to be understood in that State as it here. *Bacon* v. *Charlton*, 7 Cush. 585; *Buzzell* v. *Snell*, 25 N. H. 480.

When a defendant pleads nothing but a license or right of way, and does not maintain his plea, the plaintiff is entitled to a verdict for damages because the plea is a confession that the defendant is liable if his justification is not made out. But when he also pleads the general issue, the jury are not instructed that the confession contained in the special plea is evidence against the defendant on the general issue; nor is the general issue held bad on demurrer on the ground that it is inconsistent with the same confession. If the general issue is untouched by such a confession, why should it be destroyed by a confession made under the statute? The confession contained in a plea of license or right of way, is an admission of every fact which the plaintiff would be obliged to prove under the general issue, but it is an admission made for the purpose of pleading a license or right of way, and not for the purpose of destroying the general issue, and its operation and effect are confined to the plea which contains it. So a confession under the statute is an admission of every fact which the plaintiff would be obliged to prove under the general issue; but it is an admission made for the purpose of guarding against costs, and not for the purpose of destroying the general issue or any other plea, and its operation and effect are confined to the purpose for which it is made, which is the only purpose intimated in the statute. To allow it to affect any other part of the pleadings, and to give the plaintiff any other benefit than a judgment for the amount confessed, would be a departure from an elementary principle of common law, when no such departure is suggested by the statute.

It has been said that the admission in a confession is at least as strong as in a default. But in a default there is no opportunity for the operation of the rule which makes pleas independent of each other, and prevents an admission in one from being used to defeat another.

The plaintiff claims that a confession is not a plea, and not subject to the rules of pleading. It is not a plea in the strict sense of the common law, but it is a part of the record on the defendant's side, and a part of the pleadings which the defendant is, by statute, allowed to file. And it is subject to the rule relating to the independence of pleas. *Pittsfield* v. *Barnstead*, 38 N. H. 121.

" Where several pleadings are filed, they are to be tried precisely as if each was pleaded alone; and the admissions, expressed or implied, in one plea, cannot be used as evidence against the party upon other issues. * * * The plea of tender is of course not evidence upon the general issue for any purpose, but the independent fact of the payment of money into court with the plea of tender, is an admission of the contract declared on; but this fact is to be proved by the plaintiff like any other admission. Upon the pleadings in such case, nothing appears which changes the ordinary effect of the general issue." *Buzzell* v. *Snell*, 25 N. H. 480.

Whether the payment of money into court with a plea of tender, or under the common rule, should be regarded as an admission, or evidence of an admission, of a liability to pay a larger sum, or whether it should be held to be an incident annexed to the plea or rule and

therefore subject to the general principles of pleading, or an offer to compromise and therefore subject to the general principles of evidence, we do not now undertake to decide.    The authorities on that subject are not satisfactory to all the members of the court.    Without inquiring into the effect of the independent fact of a payment of money into court, we follow *Pittsfield* v. *Barnstead* in holding that a confession is governed by the principle which forbids one plea to be used to obliterate, annul, or disprove another plea; we follow *Buzzell* v. *Snell*, in holding that a plea of tender is not evidence upon the general issue; and we are of opinion that the confession is a part of the pleadings, and not an admission to be proved like a payment of money in court or out of court, and that it cannot be employed by the plaintiff against the plea of the general issue, and does not prevent the defendant from introducing evidence in support of that plea.    The defendant might file a confession of the plaintiff's right to recover $75, and " plead to the residue of his claim," and denying his right to recover any sum beyond $75, was pleading to the residue of his claim.    The plaintiff's right to recover any sum beyond $75 was properly traversed, and, according to the universal rule of pleading, that traverse could not be affected by any other part of the defendant's pleadings.

This result of the application of the general principle of law is eminently just.    Many doubtful claims are prosecuted.    By a compromise verdict, or other accident, a judgment may be reached, unexpected by either party.    There are many uncertainties and risks.    Our conclusion puts the parties on equal ground.

*New trial granted.*